Howard Lee WHITE

v.

STATE OF TENNESSEE.

Civ. A. No. 12711.

United States District Court
N. D. Georgia,
Atlanta Division.

May 8, 1969.

Howard Lee White, pro se.

No counsel of record for defendant.

EDENFIELD, District Judge.

ORDER

Petitioner, a federal prisoner, seeks to file in forma pauperis an action for declaratory judgment and injunctive relief on the ground that he has been denied a speedy trial by the State of Tennessee. It may be so filed.

Petitioner alleges that he has made numerous efforts to have the named defendant bring him to trial on the charges which underlie the detainer, and he asks this court to declare that because the State has failed to do so "a fair trial is now improbable and a speedy trial now impossible." This the court cannot do for several reasons. First, the court has no jurisdiction over the State of Tennessee and therefore cannot entertain an action to which Tennessee is the party defendant. Second, there is no way to determine whether a trial is fair until after the trial has taken place. Finally, mere delay in bringing an accused to trial does not violate the accused's right to a speedy trial. It must be shown that the delay was unreasonable and that the accused was prejudiced thereby.

The court notes that until the Supreme Court's recent decision in Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), it had not been recognized that the states were under a duty to bring an accused to trial while he was still in federal custody. However, the states now have notice that such duty exists and if a state does not now make a diligent good-faith effort to provide a speedy trial, and if the defendant is prejudiced thereby, any subsequent conviction upon the charges will be subject to challenge in federal court.

Petitioner's prayer for relief also asks that the warden of the federal penitentiary be instructed to remove the detainer from the plaintiff's record. Since the warden is not named as a party to this suit, this relief could not be granted in any circumstances. The court notes, however, that even if the warden had been made a party to the action the requested relief is premature and therefore could not be granted. The State must be allowed a reasonable time in which to act after being advised by the Smith v. Hooey decision that it is under the duty specified in that opinion.

Accordingly, the complaint is dismissed.